UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18CR164-MOC
3:14CR144-MOC

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) ) ) ) | |
| Vs. | ) ) | ORDER |
| **ARTURO ROBERTO GONZALEZ**, | ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court on Defendant Arturo Gonzalez's motion for a

reduced sentence under Amendment 821 to the United States Sentencing Guidelines and 18

U.S.C. § 3582(c)(2). (3:18-cr-164, Doc. No. 32; 3:14-cr-144-MOC, Doc. No. 44). Defendant

also asks this Court to grant him compassionate release. The Government opposes Defendant's

motion. (3:18-cr-164, Doc. No. 31; 3:14-cr-144, Doc. No. 46). For the following reasons,

Defendant's motion will be **DENIED**.

## I.      BACKGROUND

Between 2013 and 2014, Defendant participated in a drug-trafficking conspiracy in and

around Charlotte, North Carolina. (WDNC Case No. 3:14CR144, Doc. No. 16 ¶¶ 6–9). In March

of 2014, police found more than $375,000 in cash in Defendant's home and car. (Id. ¶¶ 7–8).

Defendant admitted to police that he had been involved in trafficking at least 60 kilograms of

cocaine. (Id. ¶ 9).

Defendant pleaded guilty to conspiring to distribute and possession with intent to

distribute at least five kilograms of cocaine, 21 U.S.C. § 846. (WDNC Case No. 3:14CR144,

1

Doc. Nos. 1, 3, 10). The Government filed an information under 21 U.S.C. § 851 notifying this Court and Defendant that it intended to seek an enhanced penalty based on Defendant's prior felony drug offense. (WDNC Case No. 3:14CR144, Doc. No. 4). As part of the parties' plea agreement, however, the Government agreed to withdraw that information at sentencing. (WDNC Case No. 3:14CR144, Doc. No. 16 ¶ 84).

The probation office submitted a presentence report and calculated a total offense level 29, which included a two-offense-level reduction under the safety-valve provision of the Sentencing Guidelines, U.S.S.G. § 5C1.2. (Id. ¶¶ 17, 25). Defendant's criminal history garnered a single, criminal history point related to his prior conviction for trafficking in cocaine. (Id. ¶¶ 41, 44). The probation office concluded that the Sentencing Guidelines advised a sentence of between 87 and 108 months in prison. (Id. ¶ 83). Although Defendant faced a statutory mandatory minimum sentence of 20 years in prison (before withdrawal of the Section 851 information), the Court found that Defendant satisfied the requirements for application of the statutory safety-valve provision, 18 U.S.C. § 3553(f), permitting the Court to sentence Defendant without regard to that mandatory minimum. (Id.). The Court sentenced Defendant to 87 months in prison. (WDNC Case No. 3:14CR144, Doc. No. 25 at 2). A year later, the Court reduced Defendant's sentence to 55 months. (WDNC Case No. 3:14CR144, Doc. No. 33 at 2).

Defendant served his custodial sentence, and his supervised release began in February of 2018. (WDNC Case No. 3:14CR144, Doc. No. 36 at 1). Two months later, police made controlled buys of cocaine and methamphetamine from Defendant's co-conspirators. (WDNC Case No. 3:18CR164, Doc. No. 23 ¶ 10). Police searched a stash house related to the organization where they found Defendant and two others in the process of opening a kilogram of cocaine. (Id. ¶ 11). Police found more than 2,400 grams of cocaine and over $31,000 in cash.

(Id.). Police also found evidence that a Mexican source had directed Defendant to make $4,000 deposits into three bank accounts. (Id. ¶ 12). Defendant later admitted that the group was waiting for another eight kilograms of cocaine to be delivered from Texas. (Id. ¶ 11).

The probation office petitioned this Court to revoke Defendant's supervised release. (WDNC Case No. 3:14CR144, Doc. No. 36). The Government charged Defendant by information with two new counts: conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine, 21 U.S.C. § 846, and money-laundering conspiracy, 18 U.S.C. § 1956. (WDNC Case No. 3:18CR164, Doc. No. 10). The Government also filed an information under 18 U.S.C. § 851, notifying Defendant and this Court that it intended to seek an increased sentence based on Defendant's prior felony drug offenses. (WDNC Case No. 3:18CR164, Doc. No. 11). Defendant pleaded guilty to both offenses. (WDNC Case No. 3:18CR164, Doc. Nos. 13, 16). As part of the plea agreement, the Government agreed to withdraw the Section 851 information. (WDNC Case No. 3:18CR164, Doc. No. 23 ¶ 98).

The probation office submitted a presentence report and calculated a total offense level of 31. (Id. ¶ 36). This offense level included a two-offense-level increase because Defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance. (Id. ¶ 21). The probation office assessed Defendant five criminal history points, placing him into criminal history category III. (Id. ¶ 65). This assessment included a two-level enhancement because Defendant committed his offenses while under a criminal justice sentence related to his earlier conviction. (Id. ¶ 64). Based on a total offense level of 31 and a criminal history category of III, the Sentencing Guidelines advised a sentence of between 135 and 168 months in prison. (Id. ¶ 97). Defendant faced a statutory mandatory minimum sentence of life in prison for his drug-trafficking offense because of his prior felony drug offenses and the Section 851

information. (Id. ¶ 96).

At sentencing, the Government withdrew the Section 851 information, reducing Defendant's mandatory minimum sentence for the drug-trafficking offense to 10 years in prison. (WDNC Case No. 3:18CR164, Doc. No. 27 at 1). This Court also sustained Defendant's objection to the two-offense-level increase for maintaining a dwelling for the purpose of drug trafficking, reducing Defendant's total offense level to 29 and his guideline range to 120–135 months in prison based on a total offense level of 29 and a criminal history category of III and limited by the 120-month mandatory minimum. (Id.).

This Court sentenced Defendant to 120 months in prison for his new offenses, to run concurrently. (WDNC Case No. 3:18CR164, Doc. No. 26 at 2). This Court also revoked Defendant's supervised release in case number 3:14CR144 and sentenced him to 24 months in prison. (WDNC Case No. 3:14CR144, Doc. No. 43 at 2). This Court ordered the sentences to run consecutively. (Id.; WDNC Case No. 3:18CR164, Doc. No. 26 at 2).

Defendant has not received any disciplinary citations while in the Bureau of Prisons and has completed 26 educational courses or work assignments, including obtaining his GED. See (Gov't Ex. 1). Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines. Defendant also asks this Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A).

## II. LEGAL STANDARD

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18

U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the Amendment 821 alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal history point for any defendant who receives 7 or more points and who committed his offense while under any criminal justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal-history points. U.S.S.G. amend. 821 pt. B. A defendant is not eligible for this reduction if (1) he received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) he used violence or credible threats of violence in connection with his offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) he personally caused substantial financial hardship; (6) he possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) he received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) he was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) he received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) he was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a

term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines. A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III.   DISCUSSION

#### a.   Amendment 821 Sentence Reduction

While Defendant is eligible for a reduction in his money-laundering sentence, he is not eligible for a reduction in the sentence he is serving for his drug-trafficking offense. Defendant received two criminal history points in case number 3:18CR164 because he committed the drug-trafficking and money-laundering offenses while he was on supervised release in case number 3:14CR144. Under Amendment 821, he would not receive those criminal history points because he received fewer than seven criminal history points related to his prior convictions. Without those two criminal history points, his criminal history category would be reduced from category III to category II. See U.S.S.G. ch. 5, part A. And his guideline range, without considering any

6

statutory mandatory minimum, would be reduced to 97 to 121 months in prison based on a total

offense level of 29 and a criminal history category of II. See id. Because Defendant was subject

to a statutory mandatory-minimum sentence of 120 months for his drug-trafficking sentence

when he was sentenced, he is not eligible for a sentence below the 120-month sentence he

received. He is eligible, however, for a sentence reduction to 97 months in prison for his money-

laundering offense (count two).

Although Defendant is eligible for a reduction in his money laundering offense to 97

months in prison, this Court will in its discretion deny Defendant's motion. Defendant has

already benefited substantially from the Government's exercise of its discretion to withdraw the

Section 851 information filed in both of Defendant's criminal cases. That decision reduced the

mandatory minimum in Defendant's most recent prosecution from life in prison to 10 years for

his drug-trafficking offense. Moreover, after initially sentencing Defendant to 87 months in

prison for his first federal offense, the Court reduced that sentence to 55 months. Defendant,

however, immediately returned to his drug-trafficking activities after his release from prison, and

additionally participated in a money-laundering conspiracy. Defendant has not shown that he is

unlikely to make the same choice if his sentence were reduced again. The Court finds that a

sentence of 120 months in prison is sufficient, but not greater than necessary, to accomplish the

sentencing objectives described in 18 U.S.C. § 3553(a).

### b. Compassionate Release

As for Defendant's motion for compassionate release, Section 3582(c)(1)(A) authorizes a

district court to reduce a defendant's sentence, after considering the sentencing factors described

in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a

sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements

issued by the Sentencing Commission." The Sentencing Commission's policy statement

applicable to compassionate-release motions is Sentencing Guidelines § 1B1.13.

Although the Fourth Circuit held in United States v. McCoy that § 1B1.13 was not an

"applicable policy statement" limiting a district court's authority to grant compassionate release

because the Sentencing Commission had not amended § 1B1.13 to incorporate changes to §

3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing

Commission later amended § 1B1.13, effective November 1, 2023. The amended policy

statement now governs Defendant's motion for compassionate release.

Section 1B1.13, as amended, authorizes this Court to grant a defendant's motion for

compassionate release if this Court finds that extraordinary and compelling reasons warrant a

sentence reduction and that the defendant is not a danger to the safety of any other person or to

the community. U.S.S.G. § 1B1.13 (a). Section 1B1.13(b) describes six categories of

extraordinary and compelling reasons that individually, or in combination, may support a request

for compassionate release: (1) the defendant's medical circumstances; (2) the defendant's age;

(3) the defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant

while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar

in gravity as those listed in (1) to (4); and (6) where the defendant received an unusually long

sentence.

Medical circumstances that a court may find to support a finding of extraordinary and

compelling reasons include a terminal illness; a serious medical condition or impairment or a

deterioration of physical or mental health caused by aging that "substantially diminishes the

ability of the defendant to provide self-care" and from which he is not expected to recover; and a

medical condition requiring long-term or specialized medical care that is not being provided and

that presents a risk of serious deterioration in health or death. Id. § 1B1.13(b)(1). A court may also find extraordinary and compelling reasons justifying compassionate release under this category if the defendant shows that he is housed at a correctional facility affected by an ongoing outbreak of infectious disease or public health emergency, the defendant is at increased risk of suffering severe medical complications or death as a result, and this risk cannot be adequately mitigated in a timely manner. Id.

A defendant's age may constitute an extraordinary and compelling reason if the defendant is at least 65 years old, is experiencing a serious and age-related deterioration in physical or mental health, and has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. Id. § 1B1.13(b)(2). Family circumstances may constitute an extraordinary and compelling reason upon (1) the death of incapacitation of the caregiver of the defendant's minor child or the defendant's older child who is incapable of self-care because of a medical disability or condition, or (2) the incapacitation of the defendant's spouse, partner, parent, or equivalent relation when the defendant would be the only available caregiver. Id. § 1B1.13(b)(3). A court may also find that extraordinary and compelling reasons for compassionate release exist where a defendant presents "any other circumstance or combination of circumstances that "are similar in gravity to those described" above.

Additionally, a court may find extraordinary and compelling reasons warranting compassionate release where a defendant received "an unusually long sentence" and has served at least 10 years of that sentence and a new legal development, other than a retroactive amendment to the Sentencing Guidelines, "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Id. § 1B1.13(b)(6). A court considering whether a change in law constitutes an extraordinary and

9

compelling circumstance must consider fully "the defendant's individualized circumstances." Id.

Defendant has not identified an extraordinary and compelling reason to grant him compassionate release. Defendant suggests that this Court should reduce his sentence because his guideline range was increased because of status points that Amendment 821 removes, but Defendant's sentence was determined by the mandatory minimum sentence required for his drug-trafficking offense and that mandatory minimum has not changed. Defendant also suggests that this Court should reduce his sentence because his revocation sentence will run consecutively to that 10-year sentence. A consecutive sentence for violating the terms of supervised release is neither extraordinary nor compelling. Finally, while Defendant has performed well in prison, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for compassionate release. U.S.S.G. § 1B1.13(d); see also 28 U.S.C. § 994(t).

For the foregoing reasons, the Court will deny Defendant's motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se motion for a reduced sentence under Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2) (3:18-cr-164, Doc. No. 32; 3:14-cr-144-MOC, Doc. No. 44) is **DENIED**.

Signed: January 23, 2024

Max O. Cogburn Jr
United States District Judge